## UNITED STATES EX REL. McKINLEY v. BUNDY.

MUNICIPAL COURT; APPEAL AND ERROR; APPEAL UNDERTAKINGS; NOTICE.

1. The filing on the 9th day of the month of an undertaking for an appeal from a judgment of the municipal court, entered on the 1st day of the month, one Sunday and two half holidays having intervened, is a sufficient compliance with sec. 31, D. C. Code [31 Stat. at L. 1194, chap. 854], requiring the undertaking to be given within six days, exclusive of Sundays and legal holidays, after the entry of judgment. (Following *Fowler* v. *Quigley,* 38 App. D. C. 214.)
2. Under rule 20 of the rules of practice before the municipal court, requiring that the approval of an undertaking on an appeal shall not

---

be made except upon two clear days' notice of the application for such approval to the opposite party in interest, it is not necessary that the day fixed in such notice shall be a day prior to the expiration of the six days which, under sec. 31, D. C. Code, the appellant is allowed for filing the appeal undertaking; and when the day fixed in such notice is subsequent to the expiration of the six days, within which, however, such undertaking has been filed, the action of the municipal court judge, upon the application for approval of the undertaking, will relate back to the date of the filing of the undertaking. (Following *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440.)

No. 2528. Submitted October 6, 1913. Decided November 3, 1913.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia dismissing his petition for a writ of mandamus to compel the approval by defendant, a judge of the Municipal Court, of an appeal undertaking.          *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District dismissing appellant's petition for a writ of mandamus to compel Charles S. Bundy, judge of the municipal court, to approve an appeal undertaking, or for such other relief as the case might require. The hearing was upon the petition, the rule to show cause, and the answer of the respondent; appellee here.

A suit in replevin was pending in the municipal court in which the appellant, J. William McKinley, was plaintiff, and Lee Roy Mark defendant. On November 1, 1912, appellee, one of the judges of the municipal court, entered judgment in said cause. Thereupon appellant, in open court, according to the averment of his petition herein, "noted an appeal;" according to the rule and answer to said petition, he announced "that he would appeal." Thereafter appellant prepared an appeal bond, signed by himself as principal and the New England Casualty Company as surety, and submitted the same to the

appellee for his approval before 12 o'clock, noon, on November 9, 1912. As counsel for Mark was not present, appellee declined to consider the matter until notice had been given said counsel. Shortly before noon of said November 9th, counsel for appellant telephoned counsel for Mark that he was then before the municipal court with said bond, and requesting that its approval be consented to. Failing to obtain such consent, notice was left at the office of counsel for Mark that said bond had been filed, and that it would again be brought to the attention of the court for action on the 13th day of November, at a named hour. The appellee finally held, however, that, inasmuch as "neither the defendant in the suit nor his counsel had ever received any other or further notice of the application for the approval of any bond in this case until about 12 o'clock on Saturday, November 9, 1912," there had not been a compliance with the rules of court as to such notice. Thereupon approval of the bond was refused.

*Mr. Edward L. Gies* and *Mr. Clyde B. Weikert* for the appellant.

*Mr. Henry E. Davis* and *Mr. E. A. Jones* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

We are not impressed with the suggestion now made by appellee's counsel, that what was said by appellant when judgment against him was entered in the municipal court did not amount to the praying of an appeal. The reasons advanced by the appellee for his refusal to approve the appeal bond contained no such suggestion, and it is apparent from the record that it was understood when the judgment was entered that appellant desired an appeal. Of course, his appeal could not be perfected until the requirements of the statute were met, and he doubtless had these requirements in mind when he used the language attributed to him. The question before us, therefore, is whether on the face of this record appellant prima facie

complied with the requirements of the statute in the filing of his appeal undertaking.

The judgment, as heretofore pointed out, was entered on November 1st, which was Friday. The bond admittedly was submitted to the judge for approval before 12 o'clock, noon, of the 9th, which was Saturday. Between the date of the entry of judgment, therefore, and the date of the submission of the bond, there intervened one Sunday and two half holidays. Code, sec. 1389 [31 Stat. at. L. 1404, chap. 854]. It is not contended, nor could such a contention be successfully made, that the undertaking was not "given within six days, exclusive of Sundays and legal holidays, after the entry of judgment." Code, sec. 31 [31 Stat. at L. 1194, chap. 854]; *Fowler* v. *Quigley*, 38 App. D. C. 214. If, therefore, we look solely to the statute, there is no justification for the refusal of the municipal court to pass upon the question of the sufficiency of the appeal undertaking. It is insisted, however, that, inasmuch as rule 20 of the "Rules of Practice before Justices of the Peace" (*Fowler* v. *Quigley*, 38 App. D. C. 214, 218) requires that the approval of such an undertaking "shall not be made except upon two clear days' notice of application for such approval to the opposite party in interest, or waiver thereof in writing by said party," the action of the appellee was correct. We are not impressed with this contention. The statute allows an appeal, provided the appeal undertaking is filed within the period therein prescribed, and no rule of court can abridge the right thereby conferred. Under appellee's interpretation of said rule, all appeal undertakings must be filed within four days after the entry of judgment, for in no other way could two clear days' notice be given the opposite party before the expiration of the six days mentioned in the statute. Such an interpretation, as above suggested, would be inconsistent with the statute, and hence destructive of the rule itself. As we said in *Fowler* v. *Quigley*, we find nothing in this rule inconsistent with the statute. "If this rule did not exist, the court, in almost all cases where undertakings were filed on the last day allowed by law, would undoubtedly require notice to be

given the opposite party before approving the undertaking, owing to the character thereof."

Appellant's undertaking was filed and submitted to the judge for approval within the statutory period. The notice to the opposite party given under the rule was for the purpose of enabling that party to submit to the judge any facts tending to show that the undertaking did not answer the requirements of the statute. In other words, this rule, as we construe it, is not inconsistent with, but in aid of, the statute. As the question of the approval of the undertaking was before the judge prior to the expiration of the six days, exclusive of Sundays and legal holidays, after the entry of judgment, his ultimate action upon that undertaking related back to the date of the filing of the bond. *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440.

The judgment will be reversed, with costs, and the cause remanded with directions to issue the writ requiring appellee to pass upon the question of the sufficiency of said undertaking.

*Reversed.*

Petition for rehearing denied November 10, 1913.